[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14695
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00283-LSC-HGD-10

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

TEDDY TONELL DAVIS,
a.k.a. Fresh,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 11, 2018)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Teddy Tonell Davis appeals his 188-month total sentence, imposed after he pled guilty to 1 count of conspiracy to possess with intent to distribute and distribute a mixture containing heroin, cocaine, and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; and 3 counts of use of a communication device to facilitate a drug trafficking offense, in violation of 21 U.S.C. § 843(b). Davis pled guilty pursuant to a plea agreement, in which he stipulated that two kilograms of cocaine were attributable to him.  He was sentenced pursuant to 21 U.S.C. § 841(b)(1)(B), which assigns a statutory imprisonment range of 5 to 40 years for crimes involving 500 grams or more of cocaine.  His Sentencing Guideline calculations were then based on that statutory range.

Davis now argues on appeal that there was no factual basis to support the drug amount.  Thus, he argues, there was no factual basis for his guilty plea. "When a defendant . . . fails to object in the district court to a Rule 11 violation, including a claim that there was an insufficient factual basis for a guilty plea," we review for plain error. United States v. Rodriguez, 751 F.3d 1244, 1251 (11th Cir. 2014). Under plain error review, there be must (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights. See id. In the context of a Rule 11 challenge, the defendant must demonstrate that "but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 124 S. Ct. 2333, 2340 (2004). Davis argues that he contested the factual basis for the plea when he stated

2

"I ain't played a role they accused me of playing" during the sentencing hearing. Even assuming that this statement constituted an objection to the factual basis underlying the plea, we still affirm the district court's decision.

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Civ. P. 11(b)(3). "The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty." United States v. Frye, 402 F.3d 1123, 1128 (11th Cir. 2005). The conviction that Davis is challenging in this case was for possession with the intent to distribute and distribution of 500 grams or more of cocaine. Thus, the judge must have been presented with facts from which it could reasonably find that defendant possessed 500 grams or more of cocaine. The Presentence Report (PSI) indicated that two kilograms were "attributable to Teddy Tonell Davis for his role in the conspiracy."

Davis argues that the factual evidence available at sentencing only shows that he was responsible for, at most, 321 grams of cocaine. Davis further argues that, under the sentencing guidelines, the district court must "make a specific determination of the scope of criminal activity." Here, Davis conflates the court's obligation under Rule 11 and the import of the sentencing guidelines. Davis is challenging the factual basis for his plea under Rule 11, not the application of the

3

sentencing guidelines in this case. It is clear, based on the evidence of cocaine attributable to Davis, along with the evidence of the wider conspiracy, that the court could reasonably find that Davis was a part of a conspiracy, and that more than 500 grams of cocaine were attributable to Davis based on his role in the conspiracy. These facts satisfy the court's Rule 11 obligation to find a sufficient factual basis for the plea.

For the foregoing reasons, the district court's judgment is

**AFFIRMED**.